

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 1, 2004

The Honorable Joe Nixon
Chair, Committee on Civil Practices
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0172

Re: Whether an ad hoc committee organized for designing an emergency reroute plan is immune from civil liability under chapter 79 of the Civil Practice and Remedies Code (RQ-0119-GA)

Dear Representative Nixon:

You ask whether an ad hoc committee organized for designing an emergency reroute plan is immune from civil liability under chapter 79 of the Civil Practice and Remedies Code.[1]

You ask about the "Ad-hoc Committee of the IH-10 Incident Management Plan." Request Letter, *supra* note 1, at 1. We understand that the committee was formed through the El Paso Metropolitan Planning Organization at the request of a state representative and that it is working on a plan "that will allow coordination of the movement of traffic around a major incident site on [Interstate Highway] I-10," which is a hazardous cargo route.[2] You inform us that the committee is composed of city, county, and state officials representing police and fire departments, the City of El Paso, the El Paso County sheriff's office, the Texas Department of Public Safety, and the Texas Department of Transportation. *See* Request Letter, *supra* note 1, at 1. The committee is particularly concerned about "rerout[ing] hazardous material cargo off hazmat[3] routes onto city streets in case an emergency would force the freeway to be closed." *Id.* (footnote added).

---

[1]*See* Letter from Honorable Joe Nixon, Chair, Committee on Civil Practices, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General, at 1 (Oct. 15, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Brief from Teresa Garcia, Assistant City Attorney, Office of the City Attorney, El Paso, Texas, to Nancy S. Fuller, Chair, Opinion Committee, Office of Attorney General, at 1 (Dec. 1, 2003) (on file with Opinion Committee); *see also* 23 U.S.C. § 134 (2000) (providing for metropolitan planning organizations); TEX. ADMIN. CODE §§ 5.51-.57 (2003) (Office of the Governor, Federal and Intergovernmental Coordination) (state designation of metropolitan planning organizations).

[3]Chapter 79 of the Civil Practice and Remedies Code defines the term "hazardous material" to mean "a substance classified as a hazardous material under state or federal law or under a rule adopted pursuant to state or federal law" or "a chemical, petroleum product, gas, or other substance that, if discharged or released, is likely to create an imminent danger to individuals, property, or the environment." TEX. CIV. PRAC. & REM. CODE ANN. § 79.001(1) (Vernon 1997). Federal regulations provide that "HAZMAT is a substance or material the Secretary of Transportation determines to be an unreasonable risk to health, safety and property when transported in commerce. Therefore, there are restrictions on transporting HAZMAT." 41 C.F.R. § 102-117.200 (2003); *see also* 49 U.S.C. §§ 5102, 5103-5127 (2000) (federal restrictions on transporting HAZMAT); *id.* § 5112 (highway routing of hazardous material).

You believe that the committee may be immune from liability under section 79.003 of the Civil Practice and Remedies Code, which the legislature recently added to chapter 79 in Senate Bill 513. *See id.*; *see also* Act of May 1, 2003, 78th Leg., R.S., ch. 58, § 1, 2003 Tex. Gen. Laws 90, 91 (Senate Bill 513). Section 79.003 provides:

> (a) Except in a case of reckless conduct or intentional, wilful, or wanton misconduct, a person is immune from civil liability for an act or omission that occurs in giving care, assistance, or advice with respect to the management of an incident:
>
>> (1) that is a man-made or natural disaster that endangers or threatens to endanger individuals, property, or the environment; and
>>
>> (2) in which the care, assistance, or advice is provided at the request of an authorized representative of a local, state, or federal agency, including a fire department, police department, an emergency management agency, and a disaster response agency.
>
> (b) This section does not apply to a person giving care, assistance, or advice for or in expectation of compensation from or on behalf of the recipient of the care, assistance, or advice in excess of reimbursement for expenses incurred.

TEX. CIV. PRAC. & REM. CODE ANN. § 79.003 (Vernon Supp. 2004). You suggest that the committee falls within the scope of this provision because "[t]he type of emergency that would shut down the freeway would be either a man made or natural disaster" and "[t]he authorized government official is the El Paso City/County Emergency Management Team asking the ad-hoc committee for assistance, in this case, to design an emergency operations plan." Request Letter, *supra* note 1, at 1.

In addition to section 79.003, chapter 79 contains a definitional provision, section 79.001, and another substantive section that provides immunity from civil liability for certain acts or omissions involving hazardous-material incident management, section 79.002. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 79.001, .002 (Vernon 1997 & Supp. 2004). Both substantive sections provide immunity to "a person." *Id.* §§ 79.002-.003 (Vernon Supp. 2004). Significantly, section 79.001 defines the term "person" for purposes of chapter 79 of the Civil Practice and Remedies Code, including section 79.003. *See id.* § 79.001 (Vernon 1997). Pursuant to section 79.001(2), the term "person" means "an individual, association, corporation, *or other private legal entity.*" *Id.* § 79.001(2) (emphasis added). The last item in the list, "other private legal entity," indicates that the legislature intended to limit chapter 79 immunity to private individuals, associations and corporations. *See id.*; *see also Gulf Ins. Co. v. James*, 185 S.W.2d 966, 969 (Tex. 1945) ("words of general import in a statute are limited by words of restricted import immediately following and relating to the same subject"). *Cf. City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003) ("When general words . . . follow specific and particularized enumerations of powers . . . , we treat the general words as limited and apply them only to the same kind or class of powers as those expressly mentioned.").

In contrast to section 79.001(2), the Code Construction Act provides a general definition of the term "person" that includes governmental and other nonprivate legal entities. *See* TEX. GOV'T CODE ANN. § 311.005(2) (Vernon 1998) ("'Person' includes corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity."). By specially defining person for purposes of chapter 79, the legislature has expressly replaced the Code Construction Act's definition, clearly indicating its intent to more narrowly delineate the entities provided immunity. *See id.* ("The following definitions apply unless the statute or context in which the word or phrase is used requires a different definition."); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 1.002 (Vernon 2002) (Code Construction Act applies to the Civil Practice and Remedies Code's construction "except as otherwise expressly provided").

Our conclusion is supported by section 79.003's legislative history, which indicates that the legislature intended chapter 79 to apply to private individuals and entities as opposed to governmental agencies and their officers and employees. Presenting Senate Bill 513 in committee, the bill's author described section 79.003 as extending liability protection to private entities.[4] In addition, a bill analysis states that "[t]his liability limitation provision would apply only if a governmental agency requested the help of a private person or company for disaster assistance." HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. S.B. 513, 78th Leg., R.S. (2003) at 2. According to the bill analysis, the law's purpose is to encourage private companies to participate in disaster assistance to help save government resources. *See id.*

In sum, the legislature has narrowly defined the term "person" in chapter 79 to embrace only private entities. Based on the information you have provided, the ad hoc committee appears to be an informal working group with no formal legal status composed of individuals representing various governmental agencies. *See* Request Letter, *supra* note 1, at 1. The ad hoc committee does not appear to be an "association, corporation, or other private legal entity" provided immunity under chapter 79. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 79.001(2) (Vernon 1997).

You are also interested in whether section 79.003 provides immunity to members of the ad hoc committee as individuals.[5] We gather from your letter that the ad hoc committee's members are employees or officers of state or local agencies, such as police and fire departments, the City of El Paso, the county sheriff's office, the Texas Department of Public Safety, and the Texas Department of Transportation, who serve on the committee as representatives of their respective employers within the scope of their official duties. *See* Request Letter, *supra* note 1, at 1. The liability of state and local agencies and their officers and employees is generally governed by the Texas Tort Claims Act and related provisions. *See* TEX. CIV. PRAC. & REM. CODE ANN. chs. 101, 102, 104, 108 (Vernon 1997 & Supp. 2004); *see also* TEX. GOV'T CODE ANN. § 418.174 (Vernon 1998) (providing a member of the emergency management council or a local emergency planning committee with immunity from liability for civil damages for an action arising from the performance of the person's duties on the council or committee).

---

[4]*Hearings on Tex. S.B. 513 Before the Senate Comm. on State Affairs*, 78th Leg., R.S. (Mar. 20, 2003) (testimony of Senator Jon Lindsay).

[5]Telephone Conversation with Teri Avery in Representative Joe Nixon's office (Nov. 19, 2003).

Although the term "person" in chapter 79 includes an individual, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 79.001(2) (Vernon 1997), section 79.003 does not provide immunity to public officers and employees for actions taken within the scope of their official duties. The statute provides immunity for an act or omission "in which . . . care, assistance, or advice is provided at the request of an authorized representative of a local, state, or federal agency, including a fire department, police department, an emergency management agency, and a disaster response agency." *Id.* § 79.003(a)(2) (Vernon Supp. 2004). By its terms, section 79.003 provides immunity to third persons who act at the request of an authorized representative of a local, state, or federal agency, not to governmental agencies or their authorized representatives. Section 79.003 is not intended to provide immunity for governmental agencies or for individuals who act within the scope of their official duties as officers and employees of governmental agencies and whose immunity is governed by other law. Moreover, section 79.003's legislative history clearly indicates that the legislature intended the provision to provide immunity only to private persons. *See* HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. S.B. 513, 78th Leg., R.S. (2003) at 2.

## S U M M A R Y

      Chapter 79 of the Civil Practice and Remedies Code, which provides immunity from civil liability for certain acts or omissions involving management of hazardous-material incidents and disasters, applies only to individuals, associations, corporations, and other private legal entities. Chapter 79 does not apply to the "Ad-hoc Committee of the IH-10 Incident Management Plan," a committee composed of city, county, and state officials representing police and fire departments, the City of El Paso, the El Paso County sheriff's office, the Texas Department of Public Safety, and the Texas Department of Transportation. In addition, section 79.003 does not provide immunity to committee members, who serve on the committee as representatives of their respective governmental employers within the scope of their official duties, for acts or omissions within the scope of their official governmental duties. Their immunity for such acts or omissions is governed by the Texas Tort Claims Act and other related laws.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee